UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ORTIZ, | No. 2:14-cv-2490-EFB P |
| Petitioner, | |
| v. | ORDER |
| RAFAEL ZUNIGA, | |
| Respondent. | |

Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] For the reasons stated below, the petition, construed as a § 2255 motion, must be dismissed for lack of jurisdiction.

Petitioner is incarcerated at the Federal Correctional Institution in Herlong, California. In 1990, he was sentenced following his drug-related convictions in the United States District Court, Southern District of New York, and sentenced to 600 months in prison and ten years of supervised release. *See* ECF No. 1 at 2 (referencing *United States v. Ramos*, Case No. 1:89-cv-810-PAC-2 (S.D.N.Y.)).[2] On direct appeal, the U.S. Court of Appeals for the Second Circuit affirmed the convictions. *Id.*

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. E.D. Cal. Local Rules, Appx. A, at (k).

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

In 1992, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which the district court denied. *See Ortiz v. United States*, Case No. 1:92-cv-2491-SS (S.D.N.Y. Mar. 24, 1995), ECF No. 13. The Second Circuit thereafter affirmed the denial on appeal. *See id.*, ECF Nos. 18.

Petitioner filed a second § 2255 motion on April 6, 2000. *See Ortiz v. United States*, Case No. 1:00-cv-2637-TPG (S.D.N.Y.). The district court referred the motion to the appellate court, which denied petitioner permission to file a second or successive § 2255 motion. *Id.* Petitioner then filed a third § 2255 motion on May 10, 2006. *See Ortiz v. United States*, Case No. 1:06-cv-3542-MBM (S.D.N.Y.). The district court again referred the motion to the appellate court, which again, denied permission to file a second or successive § 2255 motion. *Id.* Petitioner filed a fourth § 2255 motion on October 2, 2007. *See Ortiz v. United States*, Case No. 1:07-cv-8514-KMW (S.D.N.Y.). After the district court referred that motion to the appellate court, petitioner withdrew the motion. *See id.*

Generally, a challenge to the legality of a petitioner's sentence should be brought under § 2255 in the court in which the petitioner was sentenced, rather than under 28 U.S.C. § 2241 in the court for the district in which the petitioner is confined. *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam) ("[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). This general rule has one exception. Under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in the custodial court, so long as his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; 28 U.S.C. § 2255(e). "[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and quotation marks omitted). "'[A]ctual

innocence' means factual innocence, not mere legal insufficiency." *Id.* The Ninth Circuit has clarified that "a purely legal claim has nothing to do with factual innocence [and thus,] is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (internal citations and quotations omitted).

Here, petitioner previously filed a § 2255 motion attacking the conviction and sentence challenged in this case. In the instant motion, he fails to make a claim of actual innocence, arguing instead that the sentence imposed runs afoul of the *Apprendi* and *Blakely* line of cases, and that the district court erred by not submitting entrapment instructions to the jury.[3] The appellate court has denied petitioner's repeated requests for permission to file a second or successive § 2255 motion and petitioner has not shown that the remedy afforded in those proceedings was "inadequate or ineffective" to allow him to challenge his sentence.

For these reasons, the petition must be construed as another or successive § 2255 petition, *see Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001), and it must be dismissed for lack of jurisdiction, *Harrison*, 519 F.3d at 957 (jurisdiction over a motion under § 2255 lies only in the sentencing court).

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and the court declines to issue a certificate of appealability.

Dated: March 10, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004).